

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jeffrey M. Movit
A Professional Corporation
(917) 546-7708 Phone
(917) 546-7678 Fax
jmm@msk.com

January 28, 2019

**VIA ECF**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

Re:   <u>Figueroa v. October's Very Own Merchandising US, LP</u>, No. 1:18-cv-09873-GHW

Dear Judge Woods:

We represent the Defendant, October's Very Own Merchandising US, LP ("OVOM") in the above-referenced matter.  We write pursuant to Your Honor's Individual Rule 2.C. seeking a pre-motion conference in anticipation of filing a Fed. R. Civ. P. 12(b) motion to dismiss Plaintiff Jose Figueroa's complaint.  As set forth below, the grounds for OVOM's motion are compelling.

**I.      Factual Background**

Plaintiff filed this lawsuit on October 25, 2018 alleging that OVOM's website *us.octobersveryown.com* (the "Website") violates Title III of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYHRL"), the New York City Human Rights Law ("NYCHRL"), and the New York State Civil Rights Law ("NYSCRL").  Complaint ("Compl."), ECF No. 1.  Specifically, Plaintiff alleges that he is a "visually-impaired and legally blind person, who cannot use a computer without the assistance of screen-reading software," Compl. ¶ 25, and that he encountered access barriers that denied him full and equal access to the Website, *Id.* ¶ 27.

However, nowhere does Plaintiff identify specific and concrete injury stemming from his purported visits to the Website.  Plaintiff alleges four access barriers: (1) lack of alternative text ("alt-text"); (2) empty links that contain no text; (3) redundant links where adjacent links navigate to the same URL address; and (4) linked images missing alt-text, which prevented Plaintiff from accessing the Website.  *Id.* ¶ 28.  But Plaintiff's allegations are not particular to the case at hand.  Rather, they are generic and conclusory; cut and pasted from literally *hundreds* of nearly identical complaints filed by Plaintiff's counsel, who has created a cottage industry out of ensnaring companies into cookie-cutter lawsuits.

**II.     Plaintiff Lacks Standing to Bring His Claims**

To establish Article III standing, Plaintiff must sufficiently plead that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of [OVOM]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a



favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). For harm to be "particularized," the injury "must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). For harm to be "concrete," the injury "must actually exist," that is, it must be "real, and not abstract." *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). "Even where a plaintiff personally encounters conditions that allegedly violate the ADA . . . such encounter must cause an injury that is both concrete and particular *to the plaintiff* in order to be sufficient to establish standing." *Feltzin v. Triangle Props., #1*, No. 14-cv-5131, 2016 U.S. Dist. LEXIS 192861, at *12 (E.D.N.Y. Dec. 16, 2016) (emphasis added) (dismissing complaint asserting ADA claim where plaintiff "provid[ed] no details at all concerning any instance in which he allegedly encountered a violation"). It is Plaintiff's burden to "allege facts that affirmatively and plausibly suggest that [he] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009) (citing *Ashcoft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiff does not come close to meeting the clearly established standards. Rather, Plaintiff, and his counsel, have thrown the same dart at hundreds of dartboards hoping some would stick. At no point in his complaint does Plaintiff identify where, if anywhere on the Website, he encountered the alleged barriers (conveniently the same four barriers listed in all of his complaints) or the specific portions of the Website he was prevented from accessing. Plaintiff further does not allege interest in or knowledge of the brand or types of products sold, and fails to identify even a single type of product he was actually interested in purchasing. Nor does he allege that he is, was, or ever intended to be an OVOM customer or visit OVOM's physical location. For these reasons, Plaintiff fails to plead injury in fact. *Feltzin v. Stone Equities, LLC*, No. CV 16-6457 (SJF) (AKT), 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8, 2018), *adopted by* 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) (recommending dismissal of ADA claims where plaintiff's conclusory and ambiguous allegations failed to convey that he personally suffered a concrete and actual, particularized injury in fact).

Plaintiff's pleading failures are not surprising given his litigation history. His most detailed (but still insufficient) allegation of injury, that the purported barriers rendered him "unable to learn more information about store locations and hours, the ability to browse and purchase Store products online for pickup or delivery, including clothing and related products, and related goods and services available both in store and online," Compl. ¶ 27, was literally lifted word-for-word from countless other complaints. *See, e.g.,* Comp. ¶ 27, *Figueroa v. Artists & Fleas LLC*, No. 1:18-cv-09423-RA (S.D.N.Y. Oct. 15, 2018) (ECF No. 1); Comp. ¶ 27, *Figueroa v. Buck Mason Inc.*, No. 1:18-cv-09887-AT (S.D.N.Y. Oct. 25, 2018) (ECF No. 1).

Given the multitude of cases filed in such a short period of time, it is readily apparent that Plaintiff visited the Website not for purposes of legitimately looking for a product to purchase, but rather for the purpose of instituting a lawsuit. Plaintiff filed *dozens* of cases in the course of only a few weeks against a slew of companies providing a wide range of products and services, and yet all contain *nearly identical allegations*. It is utterly implausible under *Twombly/Iqbal* that at the same time he wanted to browse and purchase OVOM's products "both in store and



Hon. Gregory H. Woods
January 28, 2019
Page 3

online," he also wanted to browse and purchase—and was prevented from browsing and purchasing due to the exact same website barriers each time—among other things, luxury makeup and skincare from multiple stores (*e.g., Figueroa v. Bluemercury, Inc.*, No. 1:18-cv-09979-ER, *Figueroa v. Molton Brown USA LLC*, No. 1:18-cv-10827-VEC), cell phone repair services (*Figueroa v. EC Mobile LLC*, No. 1:18-cv-10048-PAE-DCF), leather bags and accessories from multiple stores (*e.g., Figueroa v. Clare V., LLC*, No. 1:18-cv-10666-JMF, *Figueroa v. Baggu Corp.*, No. 1:18-cv-09890-LGS), luxury shaving products (*Figueroa v. New York Shaving Corp.*, No. 1:18-cv-10837-ALC-KNF), Swedish designer raincoats (*Figueroa v. Stutterheim N. Am., Inc.*, No. 1:18-cv-09969-JPO), handmade slippers (*Figueoroa v. Stubbs & Wootton Corp.*, No. 1:18-cv-9886-AT), fine silver-plated flatware (*Figueroa v. Christofle Silver, Inc.*, No. 1:18-cv-10045), watches (*Figueroa v. Daniel Wellington Inc.*, No. 1:18-cv-10412-PAE-BCM), high-end lamps and lighting fixtures (*Figueroa v. Artemide Inc.*, No. 1:18-cv-09539-GHW), gourmet chocolate (*Figueroa v. Jaques Torres Retail, LLC*, No. 1:18-cv-10669-KPF), collectible toy trucks (*Figueroa v. Hess Corp.*, No. 1:18-cv-10679-AT), designer tile and flooring (*Figueroa v. Nemo Tile Co. Inc.*, No. 1:18-cv-10833-VSB), fine jewelry from multiple stores (*e.g., Figueroa v. Tous USA, Inc.*, No. 1:18-cv-10490-JPO, *Figueroa v. Broken English LLC*, No. 1:18-cv-10665-GHW), designer eyeglasses (*Figueroa v. Moscot.com LLC*, No. 1:18-cv-10829-AT), and designer men's, women's, and children's/newborn clothing from multiple stores (*e.g. Figueroa v. BA&SH Am. Corp.*, No. 1:18-cv-10411-VEC, *Figueroa v. Brooklyn Indus. LLC*, No. 1:18-cv-10494-VSB, *Figueroa v. Milly LLC*, No. 1:18-cv-09541-AT, *Figueroa v. Bonpoint USA Inc.*, No. 1:18-cv-10671-JGK).

Where a serial plaintiff, as here, serves as a "professional pawn in an ongoing scheme to bilk attorney's fees," the claims should not stand. *See Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 863 (C.D. Cal. 2004) (finding plaintiff who had filed hundreds of lawsuits alleging nearly identical violations of the ADA to be a vexatious litigant where his "shotgun litigation" tactics "undermine [] both the spirit and purpose of the ADA" and stating that his "claims of being the innocent victim of hundreds of physical and emotional injuries over the last four years defy belief and common sense"); *see also Cankat v. 41st Ave. Restaurant. Corp.*, No. 15 CV 4963 (SJ) (MDG), 2016 WL 7217638, at *5 (E.D.N.Y. Dec. 12, 2016) ("As numerous courts across the country have noted, cases like Plaintiff's mock the statute's mission by 'engaging in serial ADA litigation to take advantage of the statute's attorney's fee provision.'").[1]

Respectfully submitted,

/s/ Jeffrey M. Movit

Jeffrey M. Movit
A Professional Corporation for
MITCHELL SILBERBERG & KNUPP LLP

cc: Counsel of Record (via ECF)

---

[1] Defendant will explain in its motion to dismiss how Plaintiff's state-law claims also face numerous defects. In any event, they should be dismissed upon dismissal of Plaintiff's ADA claim. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.")